DANIEL CHAPMAN v. THE COUNTY OF BERRIEN.

50    311
s15ᴺᵂ  489
129   ¹  7

*Salary of judge of probate—Supervisors.*

After the supervisors have once fixed the salary of the judge of probate, they cannot reduce it.

Act 138 of 1871 gave the board of supervisors power to fix the salary of the judge of probate. Act 140 of 1873 amended it but did not alter the effect of this provision. *Held* that the mere fact of the amendment and re-enactment of the empowering clause did not authorize a board to fix again a salary which they had once fixed.

Error to Berrien. (A. J. Smith, J.)    Apr. 10.—Apr. 18.

ASSUMPSIT.    Defendant brings error.    Affirmed.

Prosecuting Attorney *James A. Kellogg* for appellant. A new law cannot be controlled by an old one, unless that intent is plainly expressed: *Chapoton v. Detroit* 38 Mich. 636; if the later act covers the whole subject of the first, and contains new provisions, showing that it was intended as a substitute, it will operate as a repeal: *Breitung v. Lindauer* 37 Mich. 233; *United States v. Tynen* 11 Wall. 92; *Comstock v. Judge of Superior Court* 39 Mich. 197; the Legislature can fix the salaries of public officers, and, unless restrained by the Constitution, change them at any time, even during the official term, and it can delegate this

power: *Knappen v. Barry Supervisors* 46 Mich. 22 ; *Wyandotte v. Drennan* id. 478.

*Potter & Potter* and *George S. Clapp* for appellee.

CAMPBELL, J. The only question arising in this case relates to the right of plaintiff to recover a portion remaining unpaid of his salary as judge of probate of Berrien county, as fixed by the board of supervisors in the beginning of January, 1873, when his four-years' term was opening. He was elected in 1872, and the salary thus fixed at $1500. In January, 1875, the salary was sought to be reduced to $1000, but he declined to receive that rate except under protest, and sued seasonably for the balance. The court below gave judgment in his favor, on the ground that the action of January, 1873, was the first action had under the law of 1871, requiring the supervisors to act, and was binding.

This was, we think, correct. In *Douvielle's case* 40 Mich. 587, the first action taken by the board, as then shown to us, was after the law had been amended in 1873; and we held it could not subsequently be changed. It afterwards appeared on an application for a rehearing, that earlier action had been had, and the judgment was recalled. The law of 1873 was a mere amendment of that of 1871 so far as it concerned Wayne county, and no further, and would not, in our opinion, justify the rescission of the vote fixing the salary at the beginning of plaintiff's term. It does not, like the law of 1871, repeal the former legislation, and it is manifestly designed for no such purpose.

We think the judgment should be affirmed with costs.

The other Justices concurred.