MORRISON v. KENT.

1. COUNTIES—CLAIMS—SUPERINTENDENTS OF POOR—COUNTY AUDI-
TORS—POOR FUND.

Act No. 540, Local Acts 1903, § 7, providing that no bills
against Saginaw county shall be audited or allowed in any
other manner than provided in the act (*i. e.*, by the board of
county auditors), makes it obligatory upon the superintend-
ents of the poor to have their expenditures audited by the
board, notwithstanding subdivision 7 of section 4506, 2 Comp.
Laws, authorizing them to draw upon the county treasurer
for such expenditures.

2. CONSTITUTIONAL LAW—INTRODUCTION OF BILLS.

A statute enacted after the adoption of an amendment to the
Constitution, upon a bill introduced before that time, and
which could only be sustained under the amendment, was
valid, although the amendment was not adopted until after
the expiration of the first 50 days of the session permitted for
the introduction of bills.

*Certiorari* to Saginaw; Snow, J. Submitted October
20, 1903. (Calendar No. 20,164.) Decided November 9,
1903.

*Mandamus* by Frank Morrison to compel Fred W.
Kent, treasurer of Saginaw county, to pay an order drawn
by the superintendents of the poor. From an order grant-
ing the writ, respondent brings *certiorari*. Reversed.

*Weadock & Purcell*, for relator.

*John F. O'Keefe*, for respondent.

MONTGOMERY, J. The relator presented to the respond-
ent, as county treasurer, an order drawn in relator's favor
by the superintendents of the poor of Saginaw county, and
demanded payment thereof. Payment was refused for
the reason that the relator's claim had not been audited by

the board of county auditors. On application to the circuit court, *mandamus* was granted, and the case is brought here for review.

At the spring election of 1903, section 10 of acticle 10 of the Constitution was amended so as to read:

"SEC. 10. The board of supervisors, or, in the counties of Saginaw, Jackson, Washtenaw, Kent, and Wayne, the board of county auditors, shall have the exclusive power to fix the compensation for all services rendered for, and to adjust all claims against, their respective counties, and the sum so fixed and defined shall be subject to no appeal." Pub. Acts 1903, p. 453.

At the legislative session of 1903, Act No. 540, Local Acts 1903, was passed, establishing a board of auditors for Saginaw county, and prescribing their powers and duties. Section 7 of this act reads in part as follows:

" No bills against the county of Saginaw shall be audited or allowed in any other manner than provided for in this act, except the bills of the county drain commissioner, and such expenditures as may be authorized by the board of supervisors of said county at any regular, special, or adjourned session thereof, where payment shall be provided for in the resolution authorizing the same."

The circuit judge was of the opinion that this section did not abrogate the provisions of subdivision 7 of section 4506 of the Compiled Laws, which authorizes the superintendents of the poor to draw from time to time on the county treasurer for all necessary expenses incurred in the discharge of their duties, and directs the treasurer to pay such draft out of moneys placed in his hands for the support of the poor, and that, under this and other provisions of the act relating to the superintendents of the poor, full control of the funds raised for the support of the poor by counties is given to the superintendents, and has not been withdrawn by the act of 1903; and it is contended in this court by relator's counsel that the superintendents of the poor constitute a corporate body, whose powers are not affected by the act of 1903.

The fact that the superintendents may make contracts which bind the county does not necessarily establish that the bills for work performed under such contracts may not or should not be audited by a distinct auditing body. Indeed, such fixed allowances have been audited in many instances by the boards of supervisors. *People, ex rel. Bristow*, v. *Supervisors of Macomb Co.*, 3 Mich. 475; *People, ex rel. Douvielle*, v. *Board of Supervisors of Manistee Co.*, 40 Mich. 589. The language of section 7 of the act of 1903 is very broad, and includes all claims against the county, excepting certain distinct claims. The inference is irresistible that the exceptions stated are the only ones intended. It follows that the claim in question is within the act.

The point is made in this court that, as the bill which was finally enacted into a law after the Constitution was amended was introduced at a time when its provisions would have been unconstitutional, the spirit of the provision requiring bills to be introduced within the first 50 days of the session was thereby violated. This contention cannot be allowed. The practice of the legislature has been in harmony with the action taken in this case for many years. To admit relator's contention would work havoc in legislation which has stood unquestioned up to this time. We think it is enough to expect or require that a statute shall be constitutional when enacted.

The order of the circuit court is reversed, with costs.

The other Justices concurred.