## CHASE v. HART.

CONSTITUTIONAL LAW—DRAIN COMMISSIONER—SALARY.

A drain commissioner, who holds over until the election of his successor under Act No. 118, Pub. Acts 1909, and whose salary is fixed by the board of supervisors before the date named in the act, from which the then acting commissioner shall hold over, is entitled to the compensation as changed, and the action of the board of supervisors does not contravene the constitutional inhibition against the increase or decrease of salary of any officer after election or appointment; since the right to the office was not determined until the date named in the statute.

Certiorari to Calhoun; North, J. Submitted April 5, 1910. (Calendar No. 23,927.) Decided July 14, 1910.

Mandamus by Arthur H. Chase, county drain commissioner, to compel Ray E. Hart, county clerk, to issue an order for the payment of relator's salary. An order granting the writ is reviewed by respondent on writ of certiorari. Affirmed.

*Jesse M. Hatch*, for relator.

*Howard W. Cavanagh*, for respondent.

MOORE, J. This is a certiorari proceeding brought for the purpose of reviewing the action of the circuit judge in granting a writ of mandamus directing the respondent to issue an order for the salary of the petitioner.

Counsel for appellant says in his brief:

" About the only question the respondent desires passed upon in this matter is whether or not the drain law as passed by the legislature in the year 1909 affects drain commissioners who were continued in office by virtue of the same act. The circuit judge has determined that the salary as fixed by the board of supervisors is the sum of $800 per annum and the relator is not appealing from that finding. * * *

" Therefore the sole question which the court is asked in this hearing to determine is whether or not the drain commissioner, continued in office by the act of the legislature, is entitled to salary during the year 1910."

The questions presented require a construction of Act No. 118 of the Public Acts of 1909. This act amended the so-called "drain law" of the State. When it took effect in September, 1909, the petitioner was county drain commissioner for Calhoun county. His compensation at that time was by the receipt of fees. Section 1, chap. 2, of the act provides for the election of a drain commissioner on the Tuesday succeeding the first Monday in November, 1910, and each second year thereafter, whose term of office should commence January 1st following the election. Section 2, chap. 2, provides that all county drain commissioners holding such office on December 31, 1909, shall continue to be such commissioners, until their respective successors are elected and qualified in accordance with the provisions of section 1. Section 5, chap. 9, reads:

" SEC. 5. Each county drain commissioner shall receive an annual salary to be paid as other county officers are paid, the amount thereof to be fixed by the board of supervisors at its regular October session in the year nineteen hundred nine, and every two years thereafter, in the same manner as the salaries of other county officers are fixed."

Acting under the provisions of this section, the supervisors, in October, 1909, proceeded to fix the salary of the relator. It is now claimed this action was in violation of the provisions of the Constitution, which does not permit the increase or decrease of the salary of a public officer after election and appointment. As the law stood when Act 118 was enacted, the petitioner's term of office would have expired December 31, 1909. His term of office from January 1, 1910, until January 1, 1911, was by virtue of the provisions of section 2, chap. 2, of said act, coupled with the fact that he was drain commissioner on December 31, 1909. The fact of who should be drain commissioner for 1910 was determined by the fact of who occupied that position on December 31, 1909. This was a date subsequent to the date when the salary was fixed by the board of supervisors.

The case is not within the constitutional inhibition.

The action of the circuit judge is affirmed.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.