HATCH *v.* BOARD OF SUPERVISORS OF CALHOUN COUNTY.

1. TRIAL—DIRECTING VERDICT—CONCESSIONS.

   Plaintiff's concession, upon moving the court to direct a verdict in his favor, that there was no dispute as to the facts, precluded him from making the contention, on error, that there was a question for the jury.

2. ATTORNEY AND CLIENT — DRAIN COMMISSIONER — EXPENSES — COMPENSATION.

   Attorney's fees, incurred by a county drain commissioner in mandamus proceedings to collect his salary as commissioner, were not necessary expenses incurred in the performance of the official duties of drain commissioner, and the county is not liable to such attorney for the value of his professional services. Act No. 118, Pub. Acts 1909.

Error to Calhoun; North, J. Submitted January 9, 1912. (Docket No. 27.) Decided May 31, 1912.

Jesse M. Hatch presented to the board of supervisors of Calhoun county his claim for services performed. From the disallowance thereof by the board, claimant appealed to the circuit court. Judgment for defendant upon a directed verdict. Claimant brings error. Affirmed.

*Jesse M. Hatch, in pro. per.*

*Robert H. Kirschman,* Prosecuting Attorney, for defendant.

McALVAY, J. The claim of appellant in this case arose on account of services as an attorney rendered by him to Arthur H. Chase, county drain commissioner for Calhoun county, in certain mandamus proceedings against the clerk and treasurer of said county to compel the clerk to issue, and the treasurer to pay, an order for his salary for the month of January, as provided by Act No. 118, Pub. Acts 1909, which services appellant claims were a legal and

proper charge against said county.    From a disallowance
of this claim by the board of supervisors of Calhoun
county, appellant appealed to the circuit court, where, at the
close of the trial, both parties asked for a directed verdict.
The claimant's motion was denied by the court, and a
verdict was directed in favor of the county.    The case is
brought here for review upon writ of error.

Appellant assigns error upon the action of the court in
instructing a verdict for defendant, and in refusing to in-
struct a verdict in his favor.    It is also claimed by him
that the court was in error in not submitting the case to
the jury.

The concession of appellant, when he moved the court
for a directed verdict at the close of the trial, that there
was no dispute upon the evidence in the case, precludes
him from claiming before this court that there was a ques-
tion for the jury.    The opinion in the case in which the
services were rendered for which it is contended defend-
ant is liable, and to which reference is had, shows the
question there involved, and is reported in *Chase* v.
*Hart,* 162 Mich. 74 (127 N. W. 256).

It is contended on the part of the appellant that these
services were incurred as necessary expenses by the drain
commissioner in the discharge of the duties of the office, to
be paid by the county under section 5 of Act No. 118,
Pub. Acts 1909.    The proceeding begun by the drain
commissioner to enforce the payment of his salary was
not an official duty imposed upon him by law.    It was the
enforcement of a private right, and, in our opinion, cannot
be classified as actual necessary expenses incurred in the
performance of the duties of his office.    The drawing of
a salary is doubtless a pleasant and satisfactory act, but
we do not think that any contingency has ever arisen
where the act has been designated by statute as the dis-
charge of an official duty.

In the case cited, *supra,* the files and records show
that the validity of a drain tax was not in question.    No
question of taxation or of public right was involved.    The

prayer of the petition drawn by appellant was confined to the question of the drain commissioner's salary. It prayed that a mandamus issue to compel the county clerk to issue an order upon the county treasurer for his salary for the month of January, 1910, and that said treasurer pay the same.

The cases cited and relied upon by appellant are those involving the expenses of public officials which were necessarily incurred in the performance of official duties, and are distinguishable from the instant case, where the matter is of no interest to the municipality. The legislative intent by this act in fixing a salary for these officials in lieu of the former fee system was for the purpose of fixing and limiting compensation, in the interest of the public. The construction contended for is not consonant with such intent and cannot be accepted. The trial court was not in error in instructing a verdict for defendant.

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.