SCHURTZ *v.* CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS — SALARY — PUBLIC OFFICERS — ORDI-NANCES—CONTRACTS.
   The fixing of salaries of employees by the governing body of the municipal corporation is a legislative act, and an ordinance enacted for that purpose is not in the nature of a contract between the municipal corporation and the employees.

2. CONSTITUTIONAL LAW—PUBLIC OFFICERS—SALARY—ORDINANCES —GRAND RAPIDS CHARTER—MUNICIPAL CORPORATIONS.
   Where an ordinance of the city of Grand Rapids, under the provisions of its charter, fixed the salaries of assessors at $1,800 a year, and they were appointed .for a term of three years, an attempt to increase the salary to $2,400 per year at the end of the first year of their term was in violation of section 3, art. 16, of the Constitution, and subdivision D, § 5, Act No. 6, Pub. Acts 1917.[1]

3. SAME—EVIDENCE—ORAL TESTIMONY.
   Oral testimony of an agreement between the members of the city commission and the members of the board of assessors as to an increase of salary to be granted during the term for which they were appointed was properly excluded.

4. SAME—APPEAL AND ERROR—CITY COMMISSION—POWERS.
   The question as to whether the city commission had the power to fix the salary for the first year and an increasing one for the rest of the term is immaterial where they did not attempt to do so.

Appeal from superior court of Grand Rapids; Dunham, J. Submitted January 23, 1919. (Docket No. 101.) Decided April 3, 1919.

Bill by Perry Schurtz against the city of Grand Rapids to enjoin the payment of certain increased salaries. From a decree for plaintiff, defendant appeals. Affirmed.

---

[1]See note in 37 L. R. A. (N. S.) 388.

*Shelby B. Schurtz,* for plaintiff.

*Charles A. Watt,* for defendant.

The bill in this case is filed to restrain the defendant city of Grand Rapids from paying to the city assessors salary at the rate of $2,400 per annum or any amount in excess of $1,800 per annum and alleging the unlawful increase of such salary by the city commission in the year 1918 from $1,800 to $2,400 per annum.

The defendant city by its charter adopted the commission form of government, May 1, 1917. The new charter as well as the old provided for a board of three assessors. Under the old charter the salary of each member of said board was fixed at $1,800 per annum. Under the provisions of the new charter it became the duty of the new commission to fix the salaries of all officers and employees of the city except their own and it was provided that salaries should remain the same as under the old charter until changed in the manner provided by the new charter. Acting under the authority created by the charter the new commission on May 7, 1917, elected Messrs. Crewe, Steinmann and Forsyth, city assessors for the term of three years beginning on the first Monday of May, 1917. On the same day these gentlemen filed their acceptance of the office and on the following day took the constitutional oath and the same was later duly filed and accepted by the city commission. On the 17th day of May, 1917, the city commission adopted unanimously an ordinance fixing salaries and rate of compensation of officers and employees of the city of Grand Rapids. This ordinance contained the following:

"The board of three assessors at $1,800......$5,400."

From May 1, 1917, to May 1, 1918, each of the three assessors drew a salary at the rate of $150 per month, or a total for the year up to May 1, 1918, of $1,800. On May 20, 1918, the new commission passed to its

third reading an ordinance to fix the salaries and rate of the city officers and employees of the city of Grand Rapids in which there appears the following:

"CITY ASSESSORS.

"Three assessors at $2,400.................$7,200."

This ordinance as affecting the board of assessors was finally adopted on May 31, 1918. It is the contention of plaintiff that this later ordinance which increases the salary of each assessor from $1,800 to $2,400 is invalid for the reason that it violates section 3, article 16, of the State Constitution which follows:

"Neither the legislature nor any municipal authority shall grant or authorize extra compensation to any public officer, agent, employee, or contractor after the service has been rendered or the contract entered into. Salaries of public officers, except circuit judges, shall not be increased, nor shall the salary of any public officer be decreased, after election or appointment."

Subdivision *d* of section 5, Act No. 6, Pub. Acts 1917, provides:

"No city shall have the power to change the salary or emoluments of any public official after his election or appointment, or during his term of office, nor shall the term of any public official be shortened or extended beyond the period for which he was elected or appointed, unless he resign or be removed for cause, where such office is held for a fixed term."

It is not contended that any one of the three assessors resigned or was removed for cause during the term fixed by his appointment.

After a hearing in the court below a decree was entered permanently restraining the defendant city, its attorneys, etc., from paying to said city assessors any sum in excess of $1,800 per annum each, until the term for which they were appointed shall have expired on the first Monday in May, 1920. From this decree the defendant city has appealed.

Brooke, J. (*after stating the facts*).    Counsel for appellant in his brief says:

"The facts which we attempted to bring before the court below, but were stopped by objection and peremptory ruling are in substance as follows:    Before the election of 1917 and the taking effect of the new charter the salaries of the members of the then board of assessors was considered inadequate by the common council.    The board of estimates took this into consideration and in their budget for 1917 fixed the salary at first at $3,000 per annum but later reduced it to $2,400 per annum.    At that price one of the most able members refused to act and trouble was had in getting competent men.    The commission were loath to increase the salary from the former amount for the first year of their incumbency, and an agreement was entered into whereby the present city assessors were to accept the offices at the former salary of $1,800 for the first year with the understanding that the salary would be $2,400 for the succeeding two years of their term.    Under this arrangement the ordinance of 1917 was passed, upon the report of the committee that it was to cover the then current year.    In the spring of 1918, the remainder of the contract was carried out by the salary ordinance of 1918, which fixed the salary of the city assessors at $2,400, thereby ratifying and confirming the inchoate contract before that made."

Counsel raised the question whether the salary for 1918 was fixed by the ordinance of 1917 or was carried over by the law as it existed prior thereto.    This question seems to us immaterial as the salary under the old charter was the same as that fixed by the ordinance of 1917, but in the light of the provisions of the new charter which in terms empowers the new commission to fix by ordinance the salary or rate of compensation of all officers, and in further consideration of the fact that acting under said power, so conferred, the commission by the ordinance of May 17, 1917, did undertake to fix the salaries of the board of assessors for the whole period of their appointment, we

have no hesitation in reaching the conclusion that the board of assessors from May 1, 1917, to May 1, 1918, were receiving a stipulated salary by virtue of the ordinance of May 17, 1917. The fixing of the salaries by the governing body of the municipal corporation is a legislative act and an ordinance enacted for that purpose is not in the nature of a contract between the municipal corporation and the employees. 2 McQuillin on Municipal Corporations (note 90 a, p. 1122).

We think the court below was correct in excluding evidence of any oral arrangement between the members of the commission and the members of the board of assessors as to an increase of salary to be granted during the term for which they were appointed. It is asserted by counsel for appellant that:

"It would have been proper for the city commission at the time they enacted the ordinance of 1917 to have fixed the salary on an increasing scale if they saw fit, namely at $1,800 for the first year and $2,400 for the remaining two years of their term."

It is unnecessary to determine whether the city commission could legally have enacted an ordinance of this character. It is sufficient to say that it did not attempt to do anything of the kind, but immediately after appointment for a term of three years, fixed the salary at $1,800.

The matter here involved has been so recently and so fully considered by this court that an extended review of the authorities is now unnecessary. See *Barrus* v. *Engel*, 186 Mich. 540; *Kearney* v. *Board of State Auditors*, 189 Mich. 671; and *Dunham* v. *Tilma*, 191 Mich. 688.

The judgment must be affirmed, with costs to appellee.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.