VIGELIUS *v.* HOUGHTON COUNTY CLERK.

1. OFFICERS—COMPENSATION—FEES—CONSTITUTIONAL LAW.

The addition of compensation to a county officer by way of fees falls within the prohibition of the Constitution that salaries of public officers shall not be increased nor decreased after election or appointment (Const. 1908, art. 16, § 3).

2. SAME—COMPENSATION—CONSTITUTIONAL LAW.

The prohibition of the Constitution against increase or decrease of salary of a public officer after election or appointment is designed to protect the public by restraining those in office from taking advantage of their positions and official influence and to secure to the individual officers the enjoyment of the emoluments provided their offices (Const. 1908, art. 16, § 3).

3. CONSTITUTIONAL LAW—DELEGATION OF POWER TO FIX AND DETERMINE—PRINCIPAL AND AGENT.

A power delegated to an agent of the legislature to "fix and determine" a matter which he has no power of his own outside of the agency, is expended when he has once acted.

4. COUNTIES—SALARIES OF OFFICERS—BOARD OF SUPERVISORS.

The power of the board of supervisors to fix the salaries of all salaried county officers must be fixed by the board on or before the last day of October prior to the commencement of the term of such officers (Const. 1908, art. 16, § 3; 1 Comp. Laws 1929, § 1426).

5. TAXATION—FEES—DELINQUENT TAXES—COUNTIES—TREASURERS.

The fees collected upon payment of delinquent taxes to county treasurers belonged to county rather than the treasurer before, as well as after, amendment of general property tax act expressly reciting that such fees should "belong to the general fund of the county" (1 Comp. Laws 1929, § 3450, as amended by Act No. 37, Pub. Acts 1939, and Act No. 282, Pub. Acts 1939).

6. COUNTIES—COMPENSATION OF OFFICERS—COMPROMISE AND SETTLE-
MENT.
> Where there was no lawful foundation for any part of claim by
> decedent, a former county treasurer, against county for com-
> pensation, the board of supervisors cannot indirectly, by way
> of a compromise agreement, grant an unlawful increase in
> salary.

7. SAME—COMPENSATION OF OFFICERS—TREASURERS—BOARDS OF
SUPERVISORS—STATUTES—CONSTITUTIONAL LAW.
> Statute authorizing board of supervisors to direct payment to
> certain county officers, including the treasurer "such salary
> as said board may deem proper" must be read in connection
> with other applicable statutory provisions and cannot nul-
> lify provision of Constitution prohibiting the increase or de-
> crease of salaries of public officers after election or appoint-
> ment (Const. 1908, art. 16, § 3; 1 Comp. Laws 1929, § 1346,
> as amended by Acts 60 and 202, Pub. Acts 1931; § 1426).

8. COSTS—COMPENSATION OF COUNTY TREASURER—PUBLIC QUESTION.
> No costs are allowed in mandamus proceeding to compel pay-
> ment of county funds under a compromise agreement relat-
> ing to former treasurer's compensation, a public question
> being involved (Const. 1908, art. 16, § 3; 1 Comp. Laws
> 1929, §1346, as amended by Acts 60 and 202, Pub. Acts
> 1931; § 1426).

Appeal from Houghton; Moynihan (Joseph A.),
J., presiding. Submitted July 22, 1946. (Calendar
No. 43,275.)   Decided April 8, 1947.

Mandamus by Elizabeth M. Vigelius, adminis-
tratrix of the estate of F. William Vigelius, de-
ceased, to compel Dominic M. Vairo, Houghton
County Clerk, and Karl G. Hamina, Houghton
County Treasurer, to pay to her the amount agreed
upon by the decedent and board of supervisors.
Writ denied. Plaintiff appeals. Affirmed.

*Joseph M. Donnelly,* for plaintiff.

*Stephen D. Condon,* for defendants.

REID, J. This is a mandamus proceeding brought by the administratrix of the estate of F. William Vigelius, deceased, a former county treasurer of Houghton county, to compel defendants, who are county clerk and county treasurer of Houghton county, to issue a voucher payable to petitioner for the sum of $1,050. Petitioner's suit is based on fees collected by deceased as county treasurer during the period from January 1, 1941 to December 31, 1942, which fees were the 4 per cent. collection fees on delinquent taxes paid in and fees on redemptions, in a total greater than $5,000, as originally claimed by decedent, but limited by compromise agreement to $1,050. Plaintiff appeals from a judgment of the circuit court dismissing her petition.

The defendants, Dominic M. Vairo and Karl G. Hamina, are and have been county clerk and county treasurer, respectively, of Houghton county from January 1, 1943. F. William Vigelius was elected, qualified and acted as treasurer of Houghton county from January 1, 1939 to December 31, 1942. The board of supervisors of Houghton county convened October 14, 1940 and adjourned to October 28, 1940, at which latter meeting the salary of Vigelius was fixed at $2,400. At an adjourned session of said board of supervisors on November 12, 1940, a resolution was adopted by the board whereby 90 per cent. of the total of the fees received by the office of the county treasurer for Houghton county should be paid to the county treasurer. F. William Vigelius, county treasurer, kept a separate account of all fees received by his office (on both delinquent taxes and redemptions) from January 1, 1941 to December 31, 1942; this suit is based on the fees collected during that period. A dispute arose between F. William Vigelius, as county treasurer, and the county clerk because of the refusal of the county

clerk to issue a voucher payable to F. William Vigelius as county treasurer for that portion of the compensation of the county treasurer which represented 90 per cent. of the fees received by the office of the county treasurer, and thereafter F. William Vigelius appealed to the county board of supervisors for an adjustment of that dispute, claiming a sum in excess of $5,000 for his compensation from fees for the period ending December 31, 1942. At a session of the board of supervisors held November 10, 1942, the board convened as a committee of the whole and agreed that the claim of F. William Vigelius should be compromised for $1,050, and thereafter the board passed a resolution that the compromise be approved. Thereafter the county clerk of Houghton county refused to issue a voucher payable to F. William Vigelius in payment of the compromise of $1,050.

F. William Vigelius died on July 16, 1943. Plaintiff, Elizabeth M. Vigelius, is the duly appointed, qualified and acting administratrix of his estate. Demand was made by F. William Vigelius during his lifetime for payment of the compromise settlement and a receipt in full settlement was tendered to the county clerk in accordance with the terms of the compromise resolution. No payment has been made of any part of the compromise settlement. The plaintiff, as administratrix, has tendered a receipt in full settlement.

Plaintiff's claim is fourfold: (1) that the board of supervisors had lawful authority to grant to decedent 90 per cent. of the fees in question in addition to his salary in the absence of any specific provision by the board that the salary should be in lieu of fees; (2) that the resolution adopted by the board was a legal exercise of the power of the board; (3) that without the resolution and by virtue of

statutes then in effect, decedent was legally entitled to the 4 per cent. fees on delinquent taxes paid in, and that decedent had a right to delinquent tax fees before the board of supervisors acted and as the law stood at the time of decedent's election; and (4) that the compromise agreement was valid as a settlement of a disputed claim under all the circumstances of this case.

Defendants assert that the action by the board granting the county treasurer 90 per cent. of the fees collected by his office, contravened article 16, § 3, of the State Constitution (1908), which provides in part,

"Salaries of public officers, except circuit judges, shall not be increased, nor shall the salary of any public officer be decreased, after election or appointment."

In *Schurtz* v. *City of Grand Rapids*, 205 Mich. 102, this Court affirmed a decree enjoining an increase in payment of salaries to city assessors after their election.

In *Kearney* v. *Board of State Auditors*, 189 Mich. 666, this Court decided (quoting from syllabus):

"Act No. 331, Pub. Acts 1913, requiring the State tax commission to devote their entire time to the duties of their respective offices, and increasing the salary of each commissioner from $2,500 to $3,500 per annum, adds no new duties to the official obligations theretofore existing, and, even if it did, could not lawfully provide for additional compensation in violation of article 16, § 3, of the State Constitution."

The increase in salary was held void even where the relators resigned during their term and were reappointed to their same offices.

In *Dunham* v. *Tilma,* 191 Mich. 688, we held (quoting from syllabus):

"An attempt by the common council of Grand Rapids to increase the salary of the judge of the superior court of Grand Rapids after his election is unconstitutional, under article 16, § 3, of the State Constitution; and, although said court has been made one of great power and dignity by the legislature, it is a municipal court and not a circuit court, and therefore does not come within the exception contained in said section exempting circuit judges from its provisions."

We consider that adding compensation by way of fees falls within the prohibition of the Constitution. We quote from *Barrus* v. *Engel,* 186 Mich. 540, 544, 545:

"No direct authority upon the exact question presented here is to be found in our decisions. The wisdom of a provision prohibiting any change either by increase or reduction of a public officer's salary during his term has been universally recognized. Such provisions are common in constitutions and statutes of the various States, and the courts have been firm in restraining attempts to evade them. This Court has been in line with the general rule when deciding cases where phases of the question have arisen. *People, ex rel. Douvielle,* v. *Manistee County Supervisors,* 40 Mich. 585; *Anderson* v. *Hill,* 54 Mich. 477; *Olds* v. *State Land Office Commissioner,* 134 Mich. 442; *Chase* v. *Hart,* 162 Mich. 74.
* * *

"We find here not only the constitutional prohibition, but that in the amendment itself which created this office those empowered to determine the matter of compensation exercised that authority, and declared in express language that no salary or other compensation should attach to the office, and

also that the 'home-rule law' which authorized the amendment again declares that a city has no power to change the salary or emoluments of a public official after his appointment or election.

"Restrictive provisions of this class are universally recognized as in the interest of good government and founded on sound reasons of public policy. They are adopted for the two-fold purpose of protecting the public by restraining those in office from taking advantage of their positions and official influence to unduly secure added compensation not contemplated and to which they were not entitled when they were selected for and accepted office, and also to secure each individual officer in enjoyment of the emoluments provided and rightfully to be expected when he accepted his office, by protecting him from any unfriendly power which might, for any reason, otherwise reduce or abolish them."

While in that case we comment on the home-rule act for cities, now 1 Comp. Laws 1929, § 2241, as amended by Act No. 60, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 2241, Stat. Ann. 1946 Cum. Supp. § 5.2084), forbidding a city "to change the salary or emoluments of any public official after his election or appointment," yet the quoted reasonings as to general purpose and effect of such restrictions apply equally to both salary and other emoluments, including fees.

Plaintiff's decedent was elected on November 5, 1940. The board of supervisors attempted to increase his compensation on November 12, 1940, after he was elected. Plaintiff concedes that decedent would not be entitled to the collection fees on redemptions paid in from January 1, 1941, to December 31, 1942, without the action of the board of supervisors of November 12, 1940, which action of the board we determine was void, being in violation of the part of article 16, § 3, Michigan Constitution (1908) heretofore quoted.

In *People, ex rel. Douvielle,* v. *Manistee County Supervisors,* 40 Mich. 585, the judge of probate sought mandamus to compel the board of supervisors to allow him the salary as originally fixed before he was elected, as compared with decreased salary fixed by the board after his official term of office had begun. Schedule 20 of the Constitution of 1850, then in force, contained a prohibition against increasing or decreasing the salary of any officer during his term of office, but it was determined that that section of the schedule was only intended to provide for temporary and not for future purposes, and had no application to the case then under consideration. This Court, however, held, p. 589, that, "under our Constitution [*i.e.,* Michigan Const. 1850] the board of supervisors do not possess, and cannot be allowed to exercise, any control on their own behalf, or any general control at all over these salaries. If they can do anything in the matter, it is only to exercise the delegated power of acting once until directed by the legislature to act again," and further held, "A power delegated to an agent to 'fix and determine' a matter in which he has no power of his own outside of the agency, is expended when he has once acted."

Our present Constitution (1908), art. 8, § 8, provides:

"The legislature may by general law confer upon the boards of supervisors of the several counties such powers of a local, legislative and administrative character, not inconsistent with the provisions of this constitution, as it may deem proper."

Our present Constitution therefore leaves the board of supervisors in a situation similar to what it theretofore occupied respecting its delegated powers.

There is still in force Act No. 154, Pub. Acts 1879 (1 Comp. Laws 1929, § 1426 [Stat. Ann. § 5.1101])

(enacted while the Constitution of 1850 was still in force) which enacts in part:

"That the annual salaries of all salaried county officers, which are now or may be hereafter by law fixed by the board of supervisors, shall be fixed by said board on or before the 31st day of October prior to the commencement of the term of such officers."

Section 7 of the schedule attached to Constitution (1908) provides:

"Until otherwise provided, the salaries or compensation of all public officers shall continue as provided under the existing constitution [*i.e.,* Const. 1850] and laws."

We conclude that the reasoning in *People, ex rel. Douvielle,* v. *Manistee County Supervisors, supra,* concerning the limited powers of the board of supervisors and the construction of the words, "annual salaries of all salaried county officers * * * shall be fixed," applies to the instant case. The purpose of the legislature in requiring that the annual salaries of county officers shall be fixed on or before October 31st preceding the commencement of their term, would be frustrated and the delegated power to fix the salaries would be exceeded if the board fixed the salary before October 31st, and then after the result of the election was known, added to the fixed salary such allowances by way of fees as it then might see fit. The reasoning in *Barrus* v. *Engel, supra,* concerning added compensation and emolument, applies with equal force in construing salaries as including fees.

Plaintiff further claims that in any event decedent was entitled to 4 per cent. of the fees received on delinquent taxes during the period, January 1, 1941 to June 15, 1941, inclusive. The amendment to section 59 of the general property tax law (1 Comp.

Laws 1929, § 3450, as amended by Act No. 30, Pub. Acts 1932 [1st Ex. Sess.], Act No. 267, Pub. Acts 1933, Act No. 21, Pub. Acts 1934 [1st Ex. Sess.], Act No. 91, Pub. Acts 1937, Act No. 37, Pub. Acts 1939 and Act No. 234, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 3450, Stat. Ann. 1946 Cum. Supp. § 7.103]), became effective June 16, 1941, and provided that collection fees on delinquent taxes paid to the county treasurer, "shall belong to the general fund of the county." Plaintiff contends that prior to June 16, 1941, decedent was entitled to retain such fees on delinquent taxes. There is nothing in section 59 of the statute even as it stood before the amendment of 1941 to expressly give the fees in question to the county treasurer. Plaintiff reasons that because the 1941 amendment expressly recites that the fees shall belong to the general fund of the county, it is therefore to be inferred that before the amendment the fees belonged to the county treasurer personally; however, reading section 59 as it stood before enactment of Act No. 234, Pub. Acts 1941, in conjunction with section 89 (1 Comp. Laws 1929, § 3483, as amended by Act No. 87, Pub. Acts 1931 and Act No. 282, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3483, Stat. Ann. 1946 Cum. Supp. § 7.144]), we find that even before June 16, 1941, decedent was not entitled to retain the 4 per cent. fee collected on delinquent taxes. Said section 89 so far as pertinent reads, "The collection fee paid to the county treasurer shall belong to the general fund of the county." Sections 59 and 89 must be read together. Decedent was not entitled to retain such fees collected on delinquent taxes.

Plaintiff further relies on the compromise agreement with the board of supervisors to accept $1,050 in lieu of an amount claimed in excess of $5,000. There was no lawful foundation for any part of de-

cedent's claim. The board of supervisors by indirection cannot grant an unlawful increase in salary.

Plaintiff relies on Act No. 237, Pub. Acts 1919, 1 Comp. Laws 1929, § 1346, as amended by Acts No. 60 and 202, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 1346, Stat. Ann. § 5.911), authorizing boards of supervisors to direct payment to certain county officers, including treasurer, "such salary as said board may deem proper." Obviously this cannot nullify the constitutional provision hereinbefore quoted. Likewise it must be read in connection with other applicable statutory provisions.

Other questions raised on this appeal need not be discussed.

The judgment of the circuit court dismissing the petition is affirmed. No costs are allowed, a matter of public interest being involved.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.