## The People on the relation of Leonard Covell v. The Treasurer of Kent County.

*Jurors' fees: Superior court of Grand Rapids: Kent county.* The county of Kent is held to be liable under the statute for the fees of jurors in the superior court of Grand Rapids.

*Legislative authority: Jurors' fees.* It was competent for the legislature to require the county of Kent to pay the fees of jurors in said court.

*Constitutional law: Municipal courts.* The legislature had authority under the constitution to establish said superior court. The constitution (*Art. VI.*, § *1*) plainly reserves to the legislature the power to carve out of the judicial power vested in the other courts named such authority as it would be proper to confer upon city courts, and to create such courts for its exercise.

*Municipal courts: Jurisdiction.* It is for the legislature to determine the extent of the authority to be given municipal courts, subject to the restriction that it must not exceed that which can properly pertain to a municipal court. It was not the intention of the constitution that every municipal court should possess both civil and criminal jurisdiction.

*Heard April 17. Decided April 18.*

Application for Mandamus.

COVELL *v.* TREASURER OF KENT COUNTY.

*W. W. Taylor*, for relator, cited: *13 Mich., 233; 5 Cal., 402; 10 Cal., 295; 36 Cal., 691; 18 Ala., 521; 5 How. (Miss.), 20; 7 Ibid., 548; Dillon Mun. Corp., §§ 357-8, and note, and cases cited; 13 Wis., 383; 32 Wis., 510; 3 Ill., 269.*

*S. H. Ballard*, for respondent, cited: *State v. Young, 3 Kan., 445; Shafer v. Mumma, 17 Md., 331; Dillon Mun. Corp., §§ 357-66.*

PER CURIAM:

1. The court are of opinion that the statute does make the county of Kent liable for jurors' fees in the superior court of Grand Rapids, and that it is competent to do so.— *People v. Auditors of Wayne County, 13 Mich., 233.*

2. The court also think that under the constitution it was competent to establish the superior court. The constitution, it is true, declares that "the judicial power is vested in one supreme court, in circuit courts, in probate courts and in justices of the peace." But it also in the same section declares that "municipal courts of civil and criminal jurisdiction may be established by the legislature in cities."—*Art. VI., § 1.* This is a plain reservation to the legislature of the power to carve out of the judicial power vested in the other courts named such authority as it would be proper to confer upon city courts, and to create such courts for its exercise. Where that is done, the legislature must determine the extent of the authority to be given the municipal courts, subject to the restriction that it must not exceed that which can properly pertain to a municipal court. Whether the statute in this instance has overstepped the bounds, is a question not before us. But we do not think it was the intention of the constitution that every municipal court should possess both civil and criminal jurisdiction.

This opinion will probably be conformed to without the issue of any writ of mandamus, and we therefore make no order at this time.