### DUNHAM v. TILMA.

CONSTITUTIONAL LAW—COURTS—JUDGES—SUPERIOR COURT OF GRAND RAPIDS—COMPENSATION.

An attempt by the common council of Grand Rapids to increase the salary of the judge of the superior court of Grand Rapids after his election is unconstitutional, under Article 16, § 3, of the State Constitution; and, although said court has been made one of great power and dignity by the legislature, it is a municipal court and not a circuit court, and therefore does not come within the exception contained in said section exempting circuit judges from its provisions.

Mandamus by Major L. Dunham, judge of the superior court of Grand Rapids, against George P. Til-

ma, comptroller of the city of Grand Rapids, to require said respondent to receive and audit relator's claim for salary. Submitted April 11, 1916. (Calendar No. 27,275.) Writ denied June 1, 1916.

*Sheridan F. Master* (*Jacob Kleinhans*, of counsel), for relator.

*Raymond M. Ferguson*, for respondent.

PERSON, J. Relator is the duly elected, qualified, and acting judge of the superior court of Grand Rapids, and receives from the State the same salary that a circuit judge receives. By section 58 of chapter 2, Act No. 314, Pub. Acts 1915, commonly known as the judicature act, it is provided (3 Comp. Laws 1915, § 12141):

"Each circuit judge and each of the judges of the recorder's and of the superior court shall receive an annual salary of thirty-five hundred dollars, payable out of any moneys in the State treasury belonging to the general fund, not otherwise appropriated. The amount herein provided shall be compensation in full for all services performed by each of said judges in this State, unless the board of supervisors shall have, or at any regular session hereafter shall vote to pay the circuit judge regularly holding court in such county or unless the common council shall vote or shall have voted to pay the judges of the recorder's or superior court, an amount in addition to the salary herein designated."

This act went into force on January 1, 1916, and shortly thereafter the common council of the city of Grand Rapids unanimously voted to pay relator, as judge of the superior court, the sum of $1,000 per year in addition to the salary received from the State. This was after the election of relator, and during his term of office. Under the provisions of sections 11, 12, and 13, chap. 5, of the charter of the city, it is made the

191 Mich.—44.

duty of the comptroller to receive and audit claims against the city and to draw and countersign orders for the payment of such claims    The comptroller did audit and allow the increased salary for the month of January, 1916, but refused to audit and allow it for the ensuing month of February because he had been advised that such increase, during relator's term of office, was unlawful and in violation of section 3, art. 16, of the State Constitution, which reads as follows:

"Neither the legislature nor any municipal authority shall grant or authorize extra compensation to any public officer, agent, employee or contractor after the service has been rendered for the contract entered into. Salaries of public officers, except circuit judges, shall not be increased, nor shall the salary of any public officer be decreased, after election or appointment."

The relator thereupon makes this application for a writ of mandamus, requiring the comptroller to audit and allow the increased salary, as authorized by the common council, for the month of February and ensuing months, and to draw and countersign the proper orders therefor.    The only question involved in the application and submitted to this court is whether relator is prohibited from receiving the additional salary by the terms of the constitutional provision above cited.    It is the contention in his behalf that the superior court is a court of record with an original jurisdiction, within the territorial limits of the city, coordinate with that of circuit judges, and that the judge of such a court comes within the classification, "circuit judge," and is therefor exempted from the limitation of the constitutional provision.    In passing upon this question it must be conceded that the judge of the superior court is a State officer, and that the court, by the act of the legislature creating it, has been made one of great power and dignity.    But it is not a circuit

court, and the judge thereof is not a circuit judge. Section 1, art. 6, of the Constitution of 1850, which was in force when the superior court was established, provided that:

"The judicial power is vested in one Supreme Court, in circuit courts, in probate courts, and in justices of the peace. Municipal courts of civil and criminal jurisdiction may be established by the legislature in cities."

If we understand the argument made in behalf of relator, it is that the Constitution has vested all judicial power in one Supreme Court, in circuit courts, in probate courts, and in justices of the peace, and therefore that any municipal court, established by the legislature, must come within one of these classifications. Following this reasoning, and relying upon the fact that the superior court has been given a jurisdiction co-ordinate, in many respects, with the circuit courts, counsel for relator say:

"We respectfully insist that the creation of the superior court of Grand Rapids was not the creation of a new court, in the sense of creating a new class of jurisdiction, but merely a division and continuation of an already established court—the circuit court for the county of Kent—and a carving out therefrom, and a division of the jurisdiction thereof, on a territorial basis."

But this is not a correct assumption. The creation of the superior court was not a division of the territorial limits of the Kent circuit court, and the establishment of a new circuit court in the city of Grand Rapids. If that were the case, the superior court would necessarily, and without any grant of the legislature, possess all of the powers guaranteed by the Constitution to circuit courts, inasmuch as those powers are beyond the reach of the legislature. Section 10, art. 7, of the present Constitution provides:

"Circuit courts shall have original jurisdiction in all matters civil and criminal not excepted in this Con-

stitution and not prohibited by law, and appellate jurisdiction from all inferior courts and tribunals and a supervisory control of the same. They shall also have power to issue writs of habeas corpus, mandamus, injunctions, quo warranto and certiorari and to hear and determine the same; and to issue such other writs as may be necessary to carry into effect their orders, judgments and decrees and give them general control over inferior courts and tribunals within their respective jurisdictions, and in all such other cases and matters as the Supreme Court shall by rule prescribe."

This leaves to the legislature the right only to determine what causes may be instituted in the circuit courts. It permits to the legislature no control over the general powers of those courts. *Brown* v. *Circuit Judge,* 75 Mich. 274 (42 N. W. 827, 5 L. R. A. 226, 13 Am. St. Rep. 438); *Nichols* v. *Judge of Superior Court,* 130 Mich. 187 (89 N. W. 691). The corresponding section of the old Constitution differed in substance but slightly from the present one. This is not the case with municipal courts. They are not created by the Constitution, but only authorized and permitted. They derive all of their powers from the legislature. *Nichols* v. *Judge of Superior Court, supra.* And the legislature may give them large or limited powers. In either case they are still municipal courts, and belong to that classification. They are not courts of "general jurisdiction," in the sense in which that term is applied to circuit courts. Their nature is defined, and the source of their power is stated, in *Covell* v. *Treasurer of Kent County,* 36 Mich. 332, where this court said:

"The court also think that under the Constitution it was competent to establish the superior court. The Constitution, it is true, declares that 'the judicial power is vested in one Supreme Court, in circuit courts, in probate courts and in justices of the peace.' But it also in the same section declares that 'municipal courts of civil and criminal jurisdiction may be established

by the legislature in cities.' Article 6, § 1. This is a plain reservation to the legislature of the power to carve out of the judicial power vested in the other courts named such authority as it would be proper to confer upon city courts, and to create such courts for its exercise. Where that is done, the legislature must determine the extent of the authority to be given the municipal courts, subject to the restriction that it must not exceed that which can properly pertain to a municipal court."

While this is not the only distinction that might be pointed out between circuit courts and municipal courts, it is fundamental and sufficient. The superior court of Grand Rapids was professedly organized as a municipal court. The term "circuit judges" in the section of the Constitution first referred to can no more be held to include judges of municipal courts than can the same term in other sections of the Constitution. It is, for instance, provided by section 11, art. 7, that:

"The judges of the circuit courts may fill any vacancy in the offices of county clerk or prosecuting attorney within their respective jurisdictions."

But it would hardly be claimed that this power is possessed by judges of municipal courts. The same section provides that:

"The clerk of each county organized for judicial purposes shall be clerk of the circuit court for such county."

The superior court of Grand Rapids has its own clerk, who is an elective officer. Had it been supposed that municipal judges were included in the term "circuit judges," it would not have been necessary to mention them specifically in that section of the judicature act relied upon as authority for granting the additional compensation in this instance. That section of the act is not unconstitutional, but must be read in connection

with the Constitution. When so read, it must be held that the salary of the judge of the superior court may be increased, but only by some action taken prior to his election or appointment. He does not come within the exemption allowed to circuit judges.

The writ must be denied.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.