# STATE OF MICHIGAN

# COURT OF APPEALS

JUAN M. QUINTERO,

        Claimant-Appellee,

v

LRS INC.,

        Appellee,

and

DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

        Appellant.

UNPUBLISHED
March 6, 2018

No. 333992
Wayne Circuit Court
LC No. 16-000344-AE

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

      In this action involving unemployment benefits, the Unemployment Insurance Agency (UIA) appeals by leave granted[1] the circuit court's order reversing both the October 29, 2015 order of the Michigan Compensation Appellate Commission (MCAC), which dismissed claimant's appeal for lack of jurisdiction, and the May 6, 2015 decision and order of the Administrative Law Judge (ALJ), which concluded that claimant was disqualified for benefits under § 62(b)[2] of the Michigan Employment Security Act (MESA), MCL 421.1 *et seq*. For the

---

[1] *Quinterro v LRS, Inc*, unpublished order of the Court of Appeals, entered November 29, 2016 (Docket No. 333992).

[2] MCL 421.62(b) provides in pertinent part that

      if the unemployment agency determines that a person has intentionally made a false statement or misrepresentation or has concealed material information to obtain benefits, whether or not the person obtains benefits by or because of the intentional false statement, misrepresentation, or concealment of material information, the person shall, in addition to any other applicable interest and

-1-

reasons set forth in this opinion, we reverse the circuit court's order and remand this matter with instructions to the circuit court to enter an order affirming the decision of the MCAC.

## I. BACKGROUND

This appeal arises out of claimant's challenges to the UIA's determination disqualifying him from receiving unemployment benefits. Claimant began receiving unemployment benefits on October 6, 2013. On January 13, 2014, claimant applied to work for LRS, Inc., and he was hired to start the following day. Subsequently, Ray Lademan, the owner of LRS, Inc., wrote a letter to the UIA indicating that he called claimant to request that he report to work, and claimant refused.

On August 12, 2014, the UIA issued notices of determination stating that claimant refused an offer of work without establishing good cause, that claimant intentionally misled or concealed information to obtain benefits, that claimant was disqualified from receiving benefits, and that claimant had to pay restitution and penalties. After claimant submitted a protest to the UIA determination, the UIA issued notices of redetermination on November 12, 2014, indicating that claimant's request for redetermination was received after the 30-day protest period had expired and that good cause had not been established that would allow the UIA to reconsider its prior determination. Accordingly, the UIA denied redetermination under § 32a(2)[3] of the MESA.

On November 17, 2014, claimant appealed the UIA's redetermination, and a telephone hearing was held before the ALJ on May 6, 2015. On the same day, the ALJ issued a written decision and order reversing the agency's November 12, 2014 adjudication, based on the ALJ's conclusion that claimant had established good cause for his late protest, and affirming the agency's August 12, 2014 adjudication because the ALJ concluded that claimant was disqualified for benefits under § 62(b) of the MESA. The ALJ's order contained express language indicating that the order would become "final" unless one of three actions was taken by or before June 5, 2015. Claimant could either: (1) file a written, signed, request for rehearing or reopening with the ALJ; (2) file a written, signed, appeal to the MCAC; or (3) file a direct appeal, upon stipulation, to the circuit court. The order further indicated that a copy of the ALJ's decision and order was mailed to claimant on May 6, 2015.

penalties, have his or her rights to benefits for the benefit year in which the act occurred canceled as of the date the claimant made the false statement or misrepresentation or concealed material information.

[3] MCL 421.32a(2) provides in pertinent part that "[t]he unemployment agency may, for good cause, including any administrative clerical error, reconsider a prior determination or redetermination after the 30-day period has expired and after reconsideration issue a redetermination affirming, modifying, or reversing the prior determination or redetermination, or transfer the matter to an administrative law judge for a hearing."

Claimant appealed to the MCAC, and on October 29, 2015, the MCAC issued an order dismissing claimant's appeal for lack of jurisdiction. In its order, the MCAC stated that claimant appealed from a May 6, 2015 ALJ decision, that the 30-day statutory appeal period had expired on June 5, 2015, that the MCAC received the appeal on June 25, 2015, that the appeal was therefore not received within the MESA's prescribed 30-day period, and that it must dismiss claimant's appeal because the MCAC "has no jurisdiction to decide late appeals." Additionally, the MCAC explained in the order that claimant could apply to the MCAC for a rehearing if the appeal was in fact timely and that such a request had to be received by the MCAC by November 30, 2015. The order further explained that in the alternative, claimant could request a reopening by the ALJ if he could show "good cause" for reopening. Such a request had to be filed before May 6, 2016. Subsequently, claimant's wife, Betty Quintero, wrote a letter requesting that claimant's case be reheard. She indicated that she and claimant did not understand the 30-day statutory deadline, but she did not claim that the appeal was actually timely filed. On December 28, 2015, the MCAC issued an order denying rehearing.

On January 11, 2016, claimant filed a claim of appeal in the circuit court. Claimant argued that his untimely appeal was the result of his illiteracy, limited education, and lack of understanding of the ramifications of the ALJ's decision. Claimant also raised several challenges directed at the alleged errors underlying the ALJ's ruling, and claimant asked the circuit court to reverse the MCAC's decision and remand the matter for rehearing.

In response, the UIA argued that pursuant to statute, there was a mandatory 30-day deadline for appealing an ALJ's decision or denial of rehearing to the MCAC and that the MCAC lacked jurisdiction over the merits of claimant's appeal because he filed his appeal on June 25, 2015, despite the clear due date of June 5, 2015, which was expressly included in the ALJ's decision. The UIA noted that it was undisputed that claimant's appeal was untimely filed and maintained that the MCAC's ruling dismissing the appeal for lack of jurisdiction should be affirmed because it was consistent with the law and was supported by the record. The UIA further argued that pursuant to statute, the ALJ's decision became final when an appeal was not filed within the 30-day period and that claimant's challenges to the ALJ's decision therefore were not preserved for appellate review.

A hearing was held on June 2, 2016, at which claimant was provided with a court certified interpreter for translation between English and Spanish. Subsequently, the circuit court issued a written opinion and order reversing both the MCAC's October 29, 2015 order and the ALJ's May 6, 2015 order. First, the circuit court concluded that the MCAC's decision to dismiss claimant's appeal for being untimely filed must be reversed because the appeal filed by claimant was not contained in the certified record sent by the MCAC and the MCAC's decision was therefore not supported by competent, material, and substantial evidence. The circuit court further noted that the only indication that claimant's appeal was received by the MCAC 20 days after the due date was the reference in the MCAC's order. Next, the circuit court concluded that the ALJ's determination that claimant was ineligible for benefits under § 62(b) of the MESA was not supported by competent, material, and substantial evidence on the whole record. Specifically, the circuit court critiqued the performance of claimant's interpreter during the May 6, 2015 hearing by referring to certain portions of the transcript and found that claimant received deficient translation services at that hearing. The circuit court further found that the evidence of fraud introduced at the hearing in front of the ALJ was insufficient. Finally, the circuit court

concluded that claimant was not disqualified from benefits under § 62(b) and that any penalty under that provision should be dismissed.

This Court granted leave to appeal and this appeal then ensued.

## II.  STANDARD OF REVIEW

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; ___ NW2d ___ (2017) (quotation marks and citation omitted).  Under this standard of review, "the circuit court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error." *Braska v Challenge Mfg Co*, 307 Mich App 340, 352; 861 NW2d 289 (2014).  "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *VanZandt v State Employees' Retirement Sys*, 266 Mich App 579, 585; 701 NW2d 214 (2005).

## III.  ANALYSIS

On appeal, the UIA first argues that the circuit court did not apply the correct standard of review.  Specifically, the UIA argues that the MCAC's order should have been affirmed because it correctly concluded that it was without jurisdiction to consider claimant's untimely filed appeal, and the UIA further argues that the ALJ's decision became final after claimant failed to appeal it within the statutorily prescribed period.

Pursuant to Michigan's Constitution, "All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law." Const 1963, art 6, § 28.  Specifically, direct review of unemployment benefit claims is provided for by the MESA, with appeals from an ALJ to the MCAC being governed by MCL 421.34 and appeals from the MCAC to the circuit court being governed by MCL 421.38. *Hodge v US Security Assoc, Inc*, 497 Mich 189, 193; 859 NW2d 683 (2015).  The limited judicial review provided by the act "is exclusive of any and all other possible methods of review." *Mooney v Unemployment Compensation Comm*, 336 Mich 344, 355; 58 NW2d 94 (1953).[4]

As pertinent to the issues involved in this case, MCL 421.33(2) provides that

[w]ithin 30 days after the mailing of a copy of a decision of the administrative law judge or of a denial of a motion for rehearing, an interested party may file an

---

[4] Although the *Mooney* Court referred to the unemployment compensation act, that act was the predecessor to the MESA.  See *Mich Tool Co v Mich Employment Security Comm*, 346 Mich 673, 674-675; 78 NW2d 571 (1956); MCL 421.1.

-4-

appeal to the Michigan compensation appellate commission [MCAC], and unless such an appeal is filed, the decision or denial by the administrative law judge is final.

MCL 421.34(1) provides that the MCAC "has full authority to handle, process, and decide appeals filed under section 33(2)," and MCL 421.34(11) provides that "[t]he manner in which an appeal to an administrative law judge and the Michigan compensation appellate commission shall be presented, the appeal reports required from an interested party, and the procedure governing the appeal shall be in accordance with rules promulgated by the Michigan administrative hearing system." Mich Admin Code, R 792.11418[5] provides in pertinent part:

> (2) To be received on time, an appeal to the Michigan compensation appellate commission must be received within 30 days after the mailed date the administrative law judge's decision, order denying rehearing or reopening.

> (3) *The Michigan compensation appellate commission is without jurisdiction to consider the merits of any appeal received after the 30-day appeal period.* A party whose appeal is received by the Michigan compensation appellate commission after the 30-day appeal period may request a reopening by the administrative law judge under R 792.11405, assuming the request is received within 1 year of the date of mailing of the administrative law judge's decision. The administrative law judge's decision or order on the reopening request may then be appealed to the Michigan compensation appellate commission.[6] [Emphasis added.]

A request for rehearing of an MCAC decision may be made within 30 days after the mailed date of the decision, and "[i]f a request for rehearing is denied, both the denial and the Michigan compensation appellate commission's decision may be appealed to the appropriate circuit court pursuant to section 38 of the act, MCL 421.38." Mich Admin Code, R 792.11430(1) and (4).

MCL 421.38(1) in turn provides in relevant part:

> The circuit court . . . may review questions of fact and law on the record made before the administrative law judge and the Michigan compensation appellate commission involved in a final order or decision of the Michigan compensation appellate commission, and may make further orders in respect to

---

[5] The rules in Mich Admin Code, R 792.10101 *et seq.*, "govern practice and procedure in administrative hearings conducted by the Michigan administrative hearing system," Mich Admin Code, R 792.10101, and the rules in part 14 of the administrative hearing rules "govern proceedings before administrative law judges and the Michigan compensation appellate commission under the Michigan employment security act," Mich Admin Code, R 792.11401.

[6] There is no indication in the record that claimant ever made a request for a reopening by the ALJ.

that order or decision as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. Application for review shall be made within 30 days after the mailing of a copy of the order or decision by any method permissible under the rules and practices of the circuit court of this state.

Pursuant to this standard, the MCAC's decision must be affirmed by the circuit court "if it conforms to the law, and if competent, material, and substantial evidence supports it." *Hodge*, 497 Mich at 193. As this Court has further explained with respect to the application of the standard in MCL 421.38(1):

> Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence. Evidence is competent, material, and substantial if a reasoning mind would accept it as sufficient to support a conclusion. The circuit court may not substitute its own judgment for that of the MCAC when the MCAC's decision is properly supported. [*Lawrence*, 320 Mich App at 431 (quotation marks and citations omitted).]

In this case, the MCAC ruled that claimant's appeal had to be dismissed solely because the appeal was not received by the MCAC within the statutorily prescribed 30-day appeal period and the MCAC does not have jurisdiction to decide late appeals. The ALJ's decision and order clearly indicated that it was mailed to claimant on May 6, 2015, and that claimant had until June 5, 2015, to file an appeal of that decision. The ALJ's order further indicated that it would become final unless claimant appealed by *that* date. This language in the order was in accordance with MCL 421.33(2). Claimant eventually appealed the ALJ's decision to the MCAC, and the MCAC order dismissing his appeal for lack of jurisdiction indicated that claimant's appeal was received by the MCAC on June 25, 2015. Yet, as the circuit court correctly noted, there is no document in the record bearing this date. There is, however, a handwritten letter that is signed by claimant, in which claimant challenged the May 6, 2015 ruling and appeared to seek an appeal. The filing stamp on this letter indicates that it was filed by the MCAC on August 20, 2015. Nevertheless, there is no evidence in the record that claimant filed an appeal of the ALJ's decision and order, or that claimant filed a request for rehearing or reopening with the ALJ, by June 5, 2015.[7] In other words, there is no evidence that claimant *timely filed* his appeal with the MCAC. Moreover, claimant has never disputed that his appeal of the ALJ's decision was filed late, and he does not claim on appeal in this Court that the filing was actually timely. A reasoning mind would accept the fact that there is no evidence of a timely filed appeal as sufficient to support the conclusion that a timely filed appeal does not exist. *Lawrence*, 320 Mich App at 431. Therefore, the MCAC's finding that claimant failed to timely appeal was adequately supported by substantial evidence. *Id*.

---

[7] There also is no evidence in the record that claimant filed such a request with the ALJ at any time.

Furthermore, because the MCAC did not receive an appeal from claimant until after the 30-day period had expired, the MCAC did not have jurisdiction to consider the merits of claimant's appeal and properly dismissed the appeal on that ground. MCL 421.34(11); Mich Admin Code, R 792.11418(3). Additionally, due to claimant's failure to timely appeal, the ALJ's decision became final. MCL 421.33(2).

Therefore, because the MCAC's order conformed to the law and was supported by substantial evidence, the circuit court was required to affirm the MCAC's order. MCL 421.38(1); *Hodge*, 497 Mich at 193. The circuit court improperly substituted its own judgment, contrary to the applicable standard of review and despite the fact that the pertinent evidentiary standard is less than a preponderance of the evidence. *Lawrence*, 320 Mich App at 431. By failing to apply the proper legal principles in reviewing the MCAC's order, the circuit court clearly erred. *Id*.

Additionally, the circuit court further erred by reversing the underlying order of the ALJ. A circuit court reviewing an appeal from an MCAC decision has the authority to "review questions of fact and law on the record made before the administrative law judge and the [MCAC] *involved in a final order or decision of the [MCAC]*, and may make further orders in respect *to that order or decision* as justice may require." MCL 421.38(1) (emphasis added). In this case, the MCAC's order of dismissal was based solely on claimant's failure to file his appeal with the MCAC within the statutorily required 30-day period. Consequently, none of the ALJ's actual findings were "involved" in the MCAC's order. Furthermore, the statutory language allowing the trial court to make further orders with respect to "that order" clearly refers only to the MCAC order and does not create a separate means by which the circuit court may directly review the ALJ's decision. Notably, such a process is provided for by MCL 421.38(2), which requires a specific procedure to be followed, stating in pertinent part that an "order or decision of an administrative law judge that involves a claim for unemployment benefits may be appealed directly to the circuit court if the claimant and the employer or their authorized agents or attorneys agree to do so by written stipulation filed with the administrative law judge." But there is no indication in the record that such a procedure was followed in the instant case. Rather, as previously discussed, the ALJ's order became final pursuant to MCL 421.33(2) after claimant failed to timely appeal, and the circuit court was required to affirm the MCAC's order dismissing the appeal because the MCAC's ruling that it did not have jurisdiction to consider the late appeal conformed to the law. The MESA provides the exclusive means for judicial review in this context. *Mooney*, 336 Mich at 355.

Therefore, because the circuit court applied incorrect legal principles in reversing the ALJ's order, the circuit court clearly erred in this respect as well. *Lawrence*, 320 Mich App at 431. Accordingly, we reverse the circuit court's order and instruct the circuit court on remand to enter an order affirming the order of the MCAC. See *King v Calumet & Hecla Corp*, 43 Mich App 319, 320, 322, 326-327; 204 NW2d 286 (1972) (affirming a circuit court's ruling that affirmed the appeal board's dismissal for lack of jurisdiction that was based on the plaintiff's failure to appeal the referee's decision within the time requirements of MCL 421.33).

In light of this conclusion, we conclude that the UIA's remaining appellate arguments are moot because there is no further relief that we could grant. "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of*

*State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "As a general rule, an appellate court will not decide moot issues," *id*., and we accordingly decline to address these additional issues here.

Reversed and remanded with instructions to the circuit court to enter an order affirming the MCAC's order dismissing claimant's appeal for lack of jurisdiction. Appellant, having prevailed, may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle