APPERLEY v. GENERAL MOTORS CORPORATION

1. UNEMPLOYMENT COMPENSATION—BENEFITS—LABOR DISPUTE—DISQUALIFICATION.

Employees who become unemployed as a result of a labor dispute are entitled to receive benefits under the employment security act unless they are disqualified as defined in the act (CL 1948, § 421.29 as amended).

2. UNEMPLOYMENT COMPENSATION—BENEFITS—DISQUALIFICATION—LABOR DISPUTE.

Disqualification for unemployment compensation benefits is required when a claimant is "directly involved" in a labor dispute and a labor dispute in the establishment where the claimant works is the cause of his unemployment.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 36.

Construction and application of provisions of unemployment compensation or social security acts regarding disqualification for benefits because of labor disputes or strikes. 28 ALR2d 287.

[4] 2 Am Jur 2d, Administrative Law § 666.

3. UNEMPLOYMENT COMPENSATION — LABOR DISPUTES — ESTABLISH-
MENT.

　No labor disputes existed in establishments in which unemploy-
　　ment compensation claimants were employed where the claim-
　　ants were employed at divisions of General Motors Corpora-
　　tion manufacturing parts for another division, and a strike
　　at the latter division caused their unemployment (CL 1948,
　　§ 421.29 as amended).

4. UNEMPLOYMENT COMPENSATION—APPEAL AND ERROR—STIPULA-
TIONS.

　Stipulation of facts restricts a circuit court's review of an
　　Employment Security Commission Appeal Board decision to
　　a determination of whether or not on those facts the deter-
　　mination of the appeal board was contrary to law (MCLA
　　§ 421.38).

Appeal from Ingham, Marvin J. Salmon, J.   Sub-
mitted Division 2 November 5, 1969, at Detroit.
(Docket Nos. 5,953, 5,954, 5,955.)   Decided Decem-
ber 3, 1969.

Eleanor Apperley, Donald L. Ward, Frank Wolak
and others were awarded unemployment compensa-
tion benefits after being laid off by their employer,
General Motors Corporation, a Delaware corpora-
tion.   Defendant employer appealed to the Employ-
ment Security Appeal Board.   Affirmed.   Defendant
appealed to Ingham Circuit Court.   Affirmed.   De-
fendant appeals.   Affirmed.

*Zwerdling, Miller, Klimist & Maurer,* for plain-
tiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *E. J. Setlock,* As-
sistant Attorney General, for appellee Michigan Em-
ployment Security Commission.

*K. Douglas Mann* (*Ross L. Malone,* of counsel),
for defendant.

Before: Lesinski, C. J., and Holbrook and Quinn, JJ.

Quinn, J. Defendant appeals a circuit court judgment which affirmed a determination by the appeal board of the Michigan Employment Security Commission that plaintiffs were entitled to unemployment benefits.

The facts have been stipulated. Plaintiffs were employed at Pontiac Motor Division in Pontiac, AC Spark Plug Division and Fisher Body Division No. 1 in Flint. Each of these plants produced parts for Buick Motor Division. January 8, 1964, a strike at Buick shut down operations at that plant and Buick directed Pontiac Motor, AC and Fisher Body to stop shipping parts manufactured by them to Buick. The latter three plants ceased production of Buick parts and plaintiffs were sent home by their supervisors.

The stipulated facts do not establish that plaintiffs were paying anything more than regular monthly dues pursuant to the May, 1962, constitution of the international union. Such facts do establish that the wages, hours and other conditions of employment of plaintiffs were not affected or changed as a result of the resolution of the labor dispute which caused their unemployment and plaintiffs had no reasonable expectation that they would be affected.

Plaintiffs are entitled to unemployment benefits unless they are disqualified. CL 1948, § 421.29 as amended by PA 1963, No 226 (Stat Ann 1963 Cum Supp § 17.531) covered disqualification. The part of that section pertinent to present decision was § 421.29(1)(b) which read:

"(1) An individual shall be disqualified for benefits:

(b) For any week with respect to which his total or partial unemployment is due to a labor dispute in active progress, or to shutdown or start-up operations caused by such labor dispute, in the establishment in which he is or was last employed, or to a labor dispute (other than a lockout) in active progress, or to shutdown or start-up operations caused by such labor dispute, in any other establishment within the United States which is functionally integrated with such establishment and is operated by the same employing unit. No individual shall be disqualified under this paragraph (b) if he is not directly involved in such dispute.

For the purposes of this paragraph (b), no individual shall be deemed to be directly involved in a labor dispute unless it is established that:

I. At the time or in the course of a labor dispute in the establishment in which he was then employed, he shall in concert with 1 or more other employees have voluntarily stopped working other than at the direction of his employing unit, or

II. He is participating in or financing or directly interested in the labor dispute which causes his total or partial unemployment. The payment of regular union dues (in amounts and for purposes established prior to the inception of such labor dispute) shall not be construed as financing a labor dispute within the meaning of this paragraph (b), or

III. At anytime, there being no labor dispute in the establishment or department in which he was employed, he shall have voluntarily stopped working, other than at the direction of his employing unit, in sympathy with employees in some other establishment or department in which a labor dispute was then in progress, or

IV. His total or partial unemployment is due to a labor dispute which was or is in progress in any department or unit or group of workers in the same establishment."

The stipulated facts and our decision in *Graham* v. *Fred Sanders Company* (1968), 11 Mich App 361, require affirmance of the trial court. *Graham* was decided under the above-quoted portion of the statute. It stated that disqualification was required when a claimant was "directly involved" in the labor dispute and a labor dispute in the establishment where the claimant worked was the cause of his unemployment. There was no labor dispute in the establishment in which plaintiffs were employed as "establishment" is defined in *Park* v. *Employment Security Commission* (1959), 355 Mich 103; *Northwest Airlines, Inc.,* v. *Employment Security Commission* (1966), 378 Mich 119; and *Graham, supra,* and as that word is used in paragraphs I and IV, *supra.* Whether the labor dispute was in an establishment functionally integrated with the establishments which employed plaintiffs and all the establishments were operated by the same employing unit is of no moment in this case, because plaintiffs were not directly involved in a labor dispute. The stipulated facts do not establish that I, II, III, IV, *supra,* apply.

There being no dispute on the facts, the trial court was restricted to a determination of whether or not on those facts the determination of the appeal board of the Michigan Employment Security Commission was contrary to law. MCLA § 421.38 (Stat Ann 1960 Rev § 17.540). Such a review is all defendant was entitled to and it had that review.

Affirmed with costs to plaintiffs.

All concurred.