NOBLIT *v.* THE MARMON GROUP

UNEMPLOYMENT COMPENSATION — LABOR DISPUTE — DISQUALIFICA-
TION — SAME ESTABLISHMENT.

Nonstriking truck drivers were properly denied unemployment compensation because they were working in the same establishment as striking foundry workers who caused their layoff, even though the truck drivers exercised their judgment as to when to report to work, were paid on a mileage basis, and belong to a different union than the foundry workers, where the truck drivers performed services which were closely integrated with and related to the work of the foundry and which were performed from a base located at the foundry.

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 June 8, 1970, at Lansing. (Docket No. 7,576.) Decided July 28, 1970. Leave to appeal granted October 12, 1970. 384 Mich 762.

REFERENCES FOR POINTS IN HEADNOTE

48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds § 36.

Construction and application of provisions of unemployment compensation or social security acts regarding disqualification for benefits because of labor disputes or strikes. 28 ALR2d 287.

Claim by Walter G. Noblit, Bennie W. Wolf, Esta E. Williams, David J. Talbot, and Joey Norton against The Marmon Group (Midwest Foundry Division) and Michigan Employment Security Commission for unemployment compensation. The referee's denial of benefits was affirmed by the Employment Security Appeal Board. Plaintiffs appealed to circuit court. Affirmed. Plaintiffs appeal. Affirmed.

*Sinas, Dramis, Brake & Turner, P. C.* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. J. Setlock,* Assistant Attorney General, for defendant Michigan Employment Security Commission.

Before: McGREGOR, P. J., and BRONSON and MAHINSKE,* JJ.

McGREGOR, P. J.   This is an appeal from an order of circuit court, affirming the Employment Security Appeal Board in a denial of unemployment benefits. The learned trial judge, in a comprehensive opinion, found that plaintiffs were disqualified for benefits under MCLA § 421.29(8)(a)(IV), (Stat Ann 1968 Rev § 17.531(8)(a)(IV)** because their unemploy-

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** The pertinent provisions of the Michigan Employment Security Act provide for disqualification for benefits under certain circumstances. Basic disqualification because of a labor dispute is provided for in § 8: "An individual shall be disqualified for benefits for any week with respect to which his total or partial unemployment is due to a labor dispute in active progress, or to shut down or start operations caused by such labor dispute, in the establishment in which he is or was last employed * * * No individual shall be disqualified under this subsection 29(8) if he is not directly involved in such dispute."
Direct involvement arises if the unemployment is due to a labor dispute in any department or group of workers in the same establish-

ment was due to a labor dispute in the establishment in which they worked. There is no dispute between the parties as to the facts, and the sole issue involves the meaning of the term "establishment" as it is used in the statute.

Plaintiffs are truck drivers who operate out of the Midwest Foundry Factory in Coldwater, Michigan. The drivers pick up their trucks at the factory on a daily basis and make their assigned deliveries. After these daily deliveries, the defendants' trucks are returned to the factory, and the drivers make their reports and receive their orders for the next day. The drivers are not responsible for loading or unloading the trucks; they exercise their own judgment about what time to report to work, and are paid on a mileage basis.

The foundry workers struck the plant and the drivers were laid off because of this; the only plant involved in this controversy was a building covering about one-half block. The drivers are represented by the Teamsters' Union; the workers of the other plants are represented by the Foundry Workers' Union. Plaintiffs contend that they are not employees of the same establishment, that they are a completely different set of employees, since they do nearly all of their work outside of the employer's factory. *Park* v. *Employment Security Commission* (1959), 355 Mich 103; *Graham* v. *Fred Sanders Company* (1968), 11 Mich App 361. However, these factors might suggest that the workers are employed in the same establishment. *Graham, supra,* 370.

---

ment. Subsection 29(8)(a) provides: "For the purposes of this subsection 29(8), no individual shall be deemed to be directly involved in a labor dispute unless it is established that * * * [inapplicable] * * * '(IV). His total or partial unemployment is due to a labor dispute which was or is in progress in any department or unit or group of workers in this same establishment.' " MCLA § 421.29(8)(a).

The question concerning in which establishment workers are employed, and an employer which maintains one establishment but has employees who spend the greater part of their time in other physical locations, was considered in *Easthagen* v. *Naugle-Leck, Inc.* (1961), 260 Minn 198 (109 NW2d 556). That case involved employees of a contractor who were laid off because of a plumbers' strike on the construction sites at which they were working. The court held that the construction sites could not be considered an establishment of their employer, and that the contractor's general office was the establishment. The court held that, when the location of the work was transitory, it was logical to conclude that the fixed location out of which the employees worked was the establishment in which they were employed.

Several Michigan cases have had opportunity to consider the term "establishment."

"[W]hether a unit of employment is a separate 'establishment' * * * must be based 'upon all the facts relating to the relationship of the employee to the unit of employment.'" *Northwest Airlines, Inc.* v. *Employment Security Commission* (1966), 378 Mich 119.

Also see *Park* v. *MESC, supra; Graham, supra; Apperley* v. *General Motors Corp.* (1969), 20 Mich App 374. In *Park,* referred to as the "Ford-Canton decision", the Supreme Court held that Ford employees in three Detroit-area plants, unemployed because of a strike called by the union at Ford's Canton, Ohio, plant, and the resulting stoppage of forgings needed in the Michigan assembly plant, were entitled to unemployment compensation because the Michigan and Ohio plants constituted separate establishments. In *NW Airlines* v. *MESC, supra,* the Court concluded that a labor dispute involving Minneapolis- and Seattle-domiciled flight

engineers did not occur in the establishment of the claimants who were Michigan-based ground personnel, employed by the airline, and hence, that the latter were entitled to compensation. More recently, in *Graham, supra,* this Court held that striking bakery employees were employed in a different establishment than non-striking concession operators selling the baked goods in outlets located throughout the Detroit area.

The *Park* case held that "employing unit" and "establishment" were not synonymous; that "establishment" has reference to a distinct physical place of business, a single unit of employment. *Park* held that the tests of functional integrality, general unity, and physical proximity of the plants were neither the basic nor absolute tests. *Northwest Airlines, supra,* stressed other factors, among them the characteristics of the local workers' employment and the place in which it was performed. *Graham, supra,* turned on the differences in the circumstances of employment and the relationship of the employees to the units of employment.

Plaintiffs' arguments overlook a critical factual difference present in the above Michigan cases, namely, that physically separate places of doing business were involved, whereas in the instant matter, only one physical place of doing business is in fact involved. In *Park, NW Airlines,* and *Graham,* tests were employed to determine whether physically separate places of doing business constituted, as a matter of law, one establishment.

The case of *Graham* is stressed by the plaintiffs as being distinguishable from the situation at hand. In that case, employees who operated retail concessions in a number of supermarkets were held not to be employed at the same establishment as workers in the employer's factory, in spite of overall unity

of management. We find it significant that the Court stated:

"Except * * * there was *no* relationship between the striking bakery employees and the non-striking supermarket employees." *Graham, supra,* 371.

The truck driver claimants in the instant case performed services which were closely integrated with and related to the work of the foundry and were performed at and from a base located at that foundry. *Graham* is inapposite.

Trial court affirmed. Costs to defendants.

All concurred.